Eastern District of Kentucky
FILED
NOV 13 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| Sunbelt Rentals, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Barnett Energy, LLC, <br><br> Defendant. | CIVIL ACTION NO. 5:20-149-KKC <br><br><br> **ORDER AND OPINION** |

\*\*\* \*\*\* \*\*\*

Plaintiff Sunbelt Rentals, Inc. moves for an award of attorneys' fees and costs. (DE 13.) For the following reasons, the Court grants the motion.

**I.  Background**

In 2019, Plaintiff Sunbelt Rentals, Inc. ("Sunbelt"), a rental company for construction equipment, approved Barnett Energy, LLC's ("Barnett") online credit application. (DE 1 ¶¶ 5, 9.) This established an open account through which Barnett could rent from Sunbelt on credit. (DE 1 ¶ 9.) The online credit application included a rental agreement that governed the open account. (DE 1 ¶ 10; DE 1-2.) One provision in the agreement stated:

> If collection of amounts due requires the assistance of a collection agency or attorneys, suit is brought hereon, or it is enforced through any judicial proceeding whatsoever, I/We agree (a) that Sunbelt reserves the right to bring legal action in whatever jurisdiction Sunbelt deems necessary, whose laws, at the option of Sunbelt, shall govern this Agreement, and (b) to pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees, not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable expenses incurred by Sunbelt in exercising any of Sunbelt's right and remedies.

(DE 1-2 at 2.)

Thereafter, Barnett rented equipment from Sunbelt. (DE 1 ¶ 11.) However, Sunbelt alleges that Barnett failed to fully pay Sunbelt for the rentals. (DE 1 ¶ 13.) On April 10, 2020, Sunbelt brought a breach of contract claim against Barnett, seeking to recover the principal amount of the unpaid invoices, service charges accrued because of the delinquent invoices, and associated attorneys' fees and costs. (DE 1 at 3.)

On June 1, 2020, the Clerk of Court entered default against Barnett after Barnett failed to respond to Sunbelt's complaint within the time required under Federal Rule of Civil Procedure 12(a). (DE 8.) Sunbelt then moved for default judgment against Barnett on June 23, 2020, which this Court granted. (DE 9; DE 12.) In granting the default judgment, the Court found Barnett liable for the unpaid principal amount of $136,666.63, service charges of $15,852.42 accrued through June 17, 2020, prejudgment interest of $3,623.95 accrued through June 17, 2020, and any service charges or interest subsequently accrued. (DE 12 at 2.) Therefore, the total default judgment equaled $156,143.00, excluding services charges and interest not yet accrued. The Court also found Barnett liable for Sunbelt's reasonable and necessary attorneys' fees and costs. (DE 12 at 3.)

On July 22, 2020, Sunbelt moved for an award of attorneys' fees and costs. (DE 13.) In its motion, Sunbelt seeks attorneys' fees totaling $13,143.00 and litigation costs totaling $795.88. (DE 13 at 1.) To support its motion, Sunbelt submits a declaration from the lead attorney on the matter, providing the hourly rates for the attorneys and paralegals from her law firm who performed work on the case. (*See* DE 13-1.) The hourly rate for each is commensurate with rates charged for other clients across the United States. (DE 13-1 ¶¶ 4, 7-13.) The declaration also includes itemized invoices from the law firm that reflect the fees and costs accrued. (DE 13-1 ¶ 15; DE 13-2.) For the 51.3 hours expended, the law firm billed a total of $16,088.00, applied discounts of $2,945.00, and ultimately charged a total of

2

$13,143.00 in attorneys' fees. (DE 13-1 ¶ 15; DE 13-2.) It also charged $795.88 in litigation costs. (DE 13-1 ¶ 16.)

## II. Analysis

"In a diversity case[,] attorney's fees should be awarded only if authorized under state law." *Acwoo Int'l Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1291 (6th Cir. 1988). In Kentucky, courts apply the American Rule regarding attorneys' fees, which requires parties to pay their own fees and costs. *Rumpel v. Rumpel*, 438 S.W.3d 354, 360 (Ky. 2014). But parties may recover attorneys' fees and costs if a contract allows for such recovery. *Aetna Cas. & Sur. Co. v. Kentucky*, 179 S.W.3d 830, 842 (Ky. 2005).

Having successfully secured a default judgment against Barnett, the open account's governing agreement allows Sunbelt to recover attorneys' fees and costs. The agreement specifically states that Barnett must "pay all costs and expenses of collection, including . . . reasonable attorney's fees, not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing, plus all other reasonable expenses incurred[.]" (DE 1-2 at 2.) Therefore, the sole remaining issue is the amount of attorneys' fees and costs this Court should award to Sunbelt.

"[T]he amount of an attorney-fee award is a matter entrusted to the discretion of the trial court." *A & A Mech., Inc. v. Thermal Equip. Sales, Inc.*, 998 S.W.2d 505, 514 (Ky. Ct. App. 1999). The trial court must determine whether the award is reasonable, considering all relevant factors. *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991). In doing so, the trial court "should require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Id.*

Here, Sunbelt seeks attorneys' fees totaling $13,143.00 and litigation costs totaling $795.88 for a total fee award of $13,938.88. In its discretion and considering all relevant

3

factors, the Court finds the award reasonable. Based on the 51.3 hours that the law firm expended on the matter and the $13,143.00 in fees accrued, the law firm charged an average hourly rate of $256.20, a reasonable hourly rate.[1] ("[T]he attorney's fee awarded should consist of the product of counsel's reasonable hours, multiplied by a reasonable hourly rate, which provides a 'lodestar' figure[.]" *Cf. Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 826 (Ky. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The law firm also applied a discount, decreasing the total amount of fees owed. The attorneys' fees represent 8.6% of Barnett's outstanding balance, less than the 15% maximum allowed under the agreement.[2] Finally, the attorneys' fees incurred are only 8.4% of the total default judgment award.[3]

Moreover, through its submissions, Sunbelt demonstrated that the award is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred. Both the declaration from Sunbelt's lead attorney and the itemized invoices describe, in detail, the hourly rates of those who worked on the matter and the fees and costs associated with the work performed. The declaration establishes that the hourly rates for work performed on behalf of Sunbelt is in line with that of the hourly rates for work performed on behalf of the law firm's other clients. The Court does not find that any of the rates, fees, or costs described were unreasonable, given the work performed. Accordingly, the Court grants Sunbelt's motion for an award of attorneys' fees and costs.

---

[1] $13,143.00 ÷ 51.3 hours
[2] $13,143.00 ÷ ($136,666.63 + $15,852.42)
[3] $13,143.00 ÷ $156,143.00

4

### III.   Conclusion

For the foregoing reasons, the Court hereby ORDERS:

1. Plaintiff Sunbelt Rental, Inc.'s motion (DE 13) for an award of attorneys' fees and costs is GRANTED; and

2. Defendant Barnett Energy, LLC must pay attorneys' fees totaling $13,143.00 and litigation costs totaling $795.88 to Sunbelt for a total fee award of $13,938.88.

11/13/2020



Signed By:
Karen K. Caldwell
United States District Judge

5